---

## Ex Parte Bou.

Solicitud para que se expida mandamiento de Habeas Corpus

No. 34.—Resuelto en Junio 10, 1904.

Jurisdicción.— Jurisdicción es la potestad de que se hallan investidos los jueces para administrar justicia, y tal potestad ha de emanar directa é inmediatamente de la ley.

Id.—Acometimiento con Arma Mortífera.—La circunstancia de que se hubiere dictado una sentencia condenatoria por acometimiento con arma mortífera, fundada en el artículo 247 del Código Penal, ya derogado por una ley vigente en la fecha de la sentencia, no envuelve extralimitación jurisdiccional por parte del Tribunal que la dictara, si éste tuvo jurisdicción para conocer del delito, y tal jurisdicción, no le fué quitada ó modificada en modo alguno por la nueva ley.

Id.—Mandamiento de Prisión—Sentencia de Tribunal Competente.—Si el mandamiento expedido para la prisión de un sentenciado, lo fuere en cumplimiento de sentencia dictada por Tribunal que para ello hubiere tenido completa jurisdicción, y tal mandamiento no adoleciere de vicio alguno fundamental, no puede estimarse nulo.

Habeas Corpus.—Si el hecho que hubiere motivado un proceso criminal constituyere delito con arreglo á la ley bajo el cual hubiera sido incoado, y con arreglo también á una ley posterior derogativa de la anterior, y la pena impuesta estuviere comprendida dentro de los límites fijados en la nueva ley, no hay términos hábiles para decretar por habeas corpus la excarcelación de los prisioneros.

### EXPOSICIÓN DEL CASO.

*Resultando*: que José y Luis Bou, acusados por el delito

de acometimiento con arma mortífera, fueron condenados por el Tribunal de Distrito de San Juan, en cuatro de Abril último, por el delito definido en el artículo 237 del Código Penal á quinientos dollars de multa á cada uno, sufriendo un dia de prisión por cada dollar que dejen de satisfacer y costas por mitad, y se hallan hoy, los aludidos reos, cumpliendo dicha condena en la cárcel de esta ciudad.

*Resultando*: que dichos presos, por conducto de su abogado Don José C. Ramos, solicitaron y obtuvieron un auto de habeas corpus, que se ha sustanciado en debida forma, alegando su representación, como razón primordial, el hecho de que la Ley de la Asamblea Legislativa de esta Isla, aprobada en 10 de Marzo último, derogó el artículo 237 del Código Penal, que sirvió de fundamento á la sentencia condenatoria, y bajo esa consideración, en el acto de la vista, fundó la procedencia de la excarcelación de los presos, en los números 1 y 6 del artículo 483 del Codigo de Enjuiciamiento Criminal, ó sea, en la extralimitación jurisdiccional por parte del Tribunal que les condenó, y en que el mandamiento no está autorizado por ninguna prescripción de la ley, sentencia ó decreto de algun Tribunal.

Abogado de los peticionarios: *Sr. Ramos, (José·C.)*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Asociado Sr. Figueras, despues de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* que la jurisdicción es la potestad de que se hallan revestidos los Jueces para administrar justicia y ese poder emana directa é inmediatamente de la ley.

*Considerando* que desde luego se admite por la parte promovente la jurisdicción del Tribunal del Distrito de San Juan para conocer y penar este delito de acometimiento con arma mortífera, artículo 237 del Código Penal, antes de comenzar á regir la Ley de la Asamblea Legislativa, aprobada en 10 de Marzo último, pero como esta ley solo se ha limitado á definir y precisar los casos de acometimiento y agresión simples, ó con circunstancias agravantes, y á fijar una penalidad más

benigna, sin que para nada se haya variado la jurisdicción de las Cortes, es indudable que tratándose de delitos cuyo conocimento les está encomendado por la ley, en manera alguna puede afirmarse que al concocer y penar el de autos, se ha extralimitado la Corte del Distrito de San Juan.

*Considerando* que el mandamiento que se ha tenido á la vista es la consecuencia lógica del acto delictivo cometido, y del cumplimiento de la sentencia dictada por Tribunal que tenia para ello completa jurisdicción, sin que por otra parte adolezca aquél de vicio alguno fundamental que exija el pronunciamiento de su nulidad.

*Considerando,* por otra parte, que el hecho que motivó el proceso criminal de que se trata, no dejaría de constituir delito, ya se le considere comprendido en una ó en otra ley, y si la pena aplicada de quinientos dollars de multa, ó la prisión de quinientos dias, en defecto de su pago, está dentro de los límites de cincuenta á mil dollars, que señala la ley de la Asamblea Legislativa, ya citada, en su sección 8, para el delito de acometimiento de carácter grave, que es lo cometido, sección sexta, No. 8, no hay razón alguna, dentro de los altos fines de la justicia y del buen orden y brevedad del procedimiento, que aconseje la excarcelación de los presos.

Vistas las disposiciones citadas.

*No ha lugar á la excarcelación* de José y Luis Bou y continúen en la cárcel bajo la custodia del Alcaide de la misma.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.